UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ILLINOIS NATIONAL INSURANCE COMPANY,

                Plaintiff,                          Case No. 07 CV 8248 (JFK)

       - against -

UNITED STATES FIDELITY AND GUARANTY,      **AFFIDAVIT IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

                Defendant.
------------------------------------------------------------X

STATE OF NEW YORK    )
                             ) ss.:
COUNTY OF QUEENS     )

        NORMAN FIDELMAN, being duly sworn, deposes and says:

        1.    I am the Chief Financial Officer of Petrocelli Electric Co., Inc. ("Petrocelli"). As Chief Financial Officer, I am responsible for handling the insurance programs of Petrocelli. I have been involved with the insurance programs since 1995.

        2.    I am fully familiar with the facts and circumstances of this case. I submit this affidavit in opposition to the motion for summary judgment of plaintiff Illinois National Insurance Company ("Illinois National") and in support of the application of USF&G for a stay of this action pending the resolution of an arbitration Illinois National commenced against Petrocelli (the "Arbitration").

        3.    On or about November 10, 2000, USF&G, as Surety, issued an Obligation Bond under Bond Number KF 5673 (the "Bond") in favor of Illinois National, as Obligee. Petrocelli, as Principal, is a signatory to the Bond. (A copy of the Bond is annexed as Exhibit A to the Affidavit of Kimberly Zanotta ["Zanotta Affidavit"], which I have reviewed.)

        4.    By notice dated June 30, 2004, USF&G informed Petrocelli of the

cancellation of the Bond, effective October 7, 2004. (Zanotta Affidavit, Exhibit B.)

5. The insurance policies Illinois National issued to Petrocelli required the payment of per claim deductibles, with maximum aggregate limits for each policy period. The Bond insured the deductible payments.

6. Illinois National conducted yearly premium audits on the insurance policies. Based on those audits, Petrocelli was entitled to a return of premium in at least two circumstances due to overcharges for certain policy periods. In *lieu* of the return of premium, Illinois National opted to credit Petrocelli against any deductible payments due.

7. On or about December 6, 2006, our insurance broker, Craig A. Parrow of Marsh USA, Inc., sent AIG (the umbrella company for Illinois National) an e-mail that requested a breakdown of payments Petrocelli had made for each policy year, in order to insure that Illinois National had properly credited the Petrocelli account for the premium refunds. (A copy of the December 6, 2008 e-mail is annexed hereto as Exhibit A.)

8. The December 6, 2006 e-mail states that a recent invoice showed payments of $1,249,611.54 and that Petrocelli had been asking for a breakdown of the payments "for quite some time."

9. As a result of premium audits, Illinois National was supposed to apply premium refunds as credits against payments. Illinois National never provided proof that Petrocelli received those credits.

10. I can attest to the fact that I repeatedly requested documentation giving a detailed breakdown, by insurance year, of payments, refunds and credits for every claim. Illinois National has refused to supply that documentation.

11. As recently as last month, during a document inspection in connection with

this action, I made such a request of a representative of Illinois National. I have still not received the documentation I asked for.

12. On or about February 19, 2008, Illinois National served Petrocelli with a Demand For Arbitration, in which Illinois National seeks all amounts Petrocelli owes "as premiums, expenses, fees, reimbursement, damages or as security" under certain agreements that were in effect between 1995 and 2000. (A copy of the Demand For Arbitration is annexed to the Zanotta Affidavit as Exhibit H.)

13. Petrocelli has already designated Craig Parrow as its party arbitrator. (A copy of a March 6, 2008 letter from our attorneys designating our arbitrator is annexed hereto as Exhibit B.)

14. Petrocelli recognizes that if any amounts are due and owing to Illinois National under the Bond or under the insurance agreements, Petrocelli bears the ultimate liability for those amounts under its Indemnity Agreement with USF&G. (Zanotta Affidavit, Exhibit I)

15. Inexplicably, Illinois National has refused to provide the necessary documentation so that Petrocelli can ascertain what amount, if any, is due. The Arbitration will resolve all issues as to any amounts due from Petrocelli. In the Arbitration, Illinois National will be required to produce documentation in support of its claim.

16. In the interest of conserving time and resources and avoiding inconsistent results, the Arbitration should proceed and this action should be stayed. Illinois National should

not be entitled to summary judgment where material factual issues exist as to the amount due, if any, for the period the Bond was in effect.

_____
Norman Fidelman

Sworn to before me this
13th day of June, 2008.

_____
Notary Public

SAVIKA B. SINGH
Notary Public, State of New York
No. 01SI6150001
Qualified in Queens County
Commission Expires July 24, 2010

# EXHIBIT A

Case 1:07-cv-08248-JFK   Document 18   Filed 06/30/2008   Page 5 of 8

## Norman Fidelman

**From:** Craig.A.Parrow@marsh.com
**Sent:** Tuesday, December 05, 2006 11:36 AM
**To:** Robbie.griffith@aig.com
**Cc:** Norman Fidelman
**Subject:** Petrocelli Electric Co. Loss Deductible Program - Contract No. 851600

Robbie,

As I mentioned to you earlier today, I met with Petrocelli Electric Co. yesterday to review the AIG demand letter dated 11-7-06. Petrocelli has requested that AIG provide a breakdown, by policy year, of payments received to date. The latest invoice (Inv. No. 25PEC82-092006) shows Payments Received of $1,249,611.54. This amount needs to be broken out, by year, so that Petrocelli can see what AIG shows as paid for each year. This program has deductible aggregates for each year and it is the client's belief that they have met or are approaching the aggregate for som eof the years in quetion. Petrocelli has been requesting that information from AIG for quite some time.

Thank you,

Craig A. Parrow
Marsh USA, Inc.
One State Street
Hartford, CT 06103-3187
Phone (860) 723-5784
Fax (212) 948-1320
craig.a.parrow@marsh.com

*******************************************************************
This e-mail transmission and any attachments that accompany it may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law and is intended solely for the use of the individual(s) to whom it was intended to be addressed. If you have received this e-mail by mistake, or you are not the intended recipient, any disclosure, dissemination, distribution, copying or other use or retention of this communication or its substance is prohibited. If you have received this communication in error, please immediately reply to the author via e-mail that you received this message by mistake and also permanently delete the original and all copies of this e-mail and any attachments from your computer. Thank you.
*******************************************************************

1

# EXHIBIT B


# GOETZ FITZPATRICK LLP
Attorneys at Law
One Penn Plaza, New York, NY 10119 | 212-695-8100 | (F) 212-629-4013

Ellen August
Eaugust@goetzfitz.com

March 6, 2008

Yoav Griver, Esq.
Zeichner Ellman & Krause LLP
575 Lexington Avenue
New York, New York 10022

Re: National Union Fire Insurance Company and Petrocelli Electric Co., Inc.

Dear Mr. Griver:

This firm represents Petrocelli Electric Co., Inc. in the above-referenced arbitration. We designate the following arbitrator:

Craig A. Parrow
Marsh USA, Inc.
One State Street
Hartford, CT 06103-3187
Phone (860) 723-5784
Fax (212) 948-1320
craig.a.parrow@march.com
www.marsh.com

Very truly yours,

Ellen August

cc: Thomas Finegan, Esq.

W:\EllenA\Current Files\Illinois National v. United States\griver - arbitrator.wpd