Michael S. Davis
Yoav M. Griver
ZEICHNER ELLMAN & KRAUSE LLP
575 Lexington Avenue
New York, New York 10022
(212) 223-0400
Attorneys for plaintiff Illinois National
  Insurance Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ILLINOIS NATIONAL INSURANCE COMPANY,

Plaintiff,

- against -

UNITED STATES FIDELITY AND GUARANTY,

Defendant.

Case No.: 07 Civ. 8248 (JFK)

**STATEMENT OF UNDISPUTED FACTS PURSUANT TO LOCAL CIVIL RULE 56.1**

---

Plaintiff Illinois National Insurance Company and each of its affiliates and subsidiaries ("Illinois National"), by its attorneys Zeichner Ellman & Krause LLP, pursuant to Local Civil Rule 56.1, respectfully submits this Statement of Undisputed Facts in support of its motion for summary judgment.

1. Plaintiff Illinois National Insurance Company ("Illinois National") is an insurance corporation. Complaint ¶ 1.

2. Defendant United States Fidelity and Guaranty ("USF&G") is an insurance corporation. Complaint ¶ 2; Answer ¶ 2.

3. On or about November 10, 2000, in connection with insurance provided to Petrocelli Electric Co., Inc. ("Petrocelli") by Illinois National, Petrocelli, as Principal, and USF&G, as Surety,

executed and delivered an Obligation Bond, Bond No. KF 5673 (the "Bond") for the payment of up to the maximum penal sum of Nine Hundred Sixteen Thousand Nine Hundred Fifty Eight Dollars ($916,958), naming Illinois National and each of its affiliates and subsidiaries as Obligee. Declaration of Michelle Levitt ("Levitt Decl.") ¶ 4; see also Bond (Levitt Decl., Ex. A).

4.  Paragraph 1 of the Bond states:

    Within five (5) business days[1] of Surety's receipt of a demand for payment under this Bond ("Demand"), Surety shall pay to Obligee the amount of such Demand. <u>The Obligee's Demand to the Surety for the amount due</u>, either <u>as security</u> or for payment or for reimbursement pursuant to the Agreement(s) <u>shall be absolute proof of the existence and extent of the liability of the Principal and Surety to the Obligee hereunder.</u>

Bond ¶ 1 (emphases added).

5.  Paragraph 5 of the Bond states, in relevant part:

    This Bond may be canceled at any time upon ninety (90) days advance written notice from Surety to Obligee. It is understood and agreed that the <u>Obligee may recover the full amount of the Bond (less any previous amounts paid to Obligee under the Bond) if the Surety cancels or nonrenews the Bond and, within thirty (30) days prior to the effective date of cancellation or nonrenewal, the Obligee has not received collateral from Principal acceptable to Obligee (<b>in its sole discretion</b>) to replace the Bond.</u>

Bond ¶ 5 (emphases added).

6.  Paragraph 2 of the Bond states:

    In the event that Obligee shall demand the entire penal sum of the Bond under a Demand (less any previous amounts paid to Obligee under the Bond), <u>Obligee shall hold all funds ("Bond Collateral") received as security for the Obligations</u> and shall apply such funds to the Obligations from time to time <u>in its sole discretion</u>. At such time

---

[1] Originally, Paragraph 1 of the Bond provided for "ten (10) business days." Bond ¶ 1. However, on November 10, 2000, USF&G executed a Rider to the Bond changing ten business days to five business days. See Rider to Bond (Levitt Decl., Ex. A).

2

> as Obligee determines <u>in its sole discretion</u> that all of the Obligations are fully and finally paid and such payment is not subject to avoidance or other turnover, Obligee shall return to the Surety the unapplied portion of the Bond Collateral. <u>The Surety</u>, whether in its capacity as surety or subrogee of the Principal, <u>waives, to the fullest extent permitted by applicable law each and every right which it may have to contest Obligee's computation of the Obligations or the application of the Bond Collateral by the Obligee to the Obligations</u>, and waives, to the fullest extent permitted by applicable law, each and every right which it may have to seek reimbursement, restitution or recovery of any Bond Collateral.

Bond ¶ 2 (emphases added).

7. The term "Obligations" in the Bond means "the sums due <u>or to become due</u> from Principal [Petrocelli] to Obligee [Illinois National] under the Agreements." Bond at p. 1 (emphasis added).

8. Paragraph 3 of the Bond states:

> Failure to pay or reimburse the Obligee as herein provided shall cause the Surety to be additionally liable for any and <u>all reasonable costs and expenses, including attorney's fees and interest</u>, incurred by the Obligee in enforcing this bond, such liability to be in addition to the bond penalty.

Bond ¶ 3 (emphasis added).

9. Paragraph 4 of the Bond states:

> <u>Surety's obligations hereunder shall not be affected by</u> (i) any failure by Obligee to assert any claim or demand or enforce any right or remedy against Principal or its property, or any other party liable with respect to the obligations, (ii) any failure to perfect an interest in, or any release, impairment or other diminution of, any collateral (including, but not limited to, rights of recoupment or setoff) held by Obligee which secures any of the obligations, (iii) any matter or proceeding arising in connection with any modification, limitation, discharge, assumption, or reinstatement with respect to any Agreements or Obligations, (iv) any modification of or amendment to any Agreements or Obligations without Surety's consent or prior notification provided that the penal sum of the Bond may not be

3

> increased without the consent of Surety; however, failure to give such consent will not prevent Obligee from drawing up to the full amount of the Bond (less any previous amounts paid to Obligee under the Bond) either as security or for payment or for reimbursement under the agreements, or (v) <u>any other circumstance which might otherwise constitute a legal or equitable discharge or defense for Surety</u>.

Bond ¶ 4 (emphases added).

10. Paragraph 7 of the Bond states:

> The laws of the State of New York shall be applicable in determining the rights and obligations of the parties hereto, and the courts of the State of New York, including the United States District Court for the Southern District of New York shall have the sole jurisdiction over any dispute arising out of enforcement of this Bond by the Obligee.

Bond ¶ 7.

11. USF&G cancelled the Bond effective October 7, 2004. Answer ¶ 16.

12. After USF&G cancelled the Bond, Illinois National did not receive successor collateral from Petrocelli acceptable to Illinois National to replace the Bond. Levitt Decl. ¶ 5.

13. In a letter dated September 23, 2004, Illinois National made a demand for payment in the amount of the maximum penal sum of the Bond. <u>See</u> September 23, 2004 demand letter (Levitt Decl., Ex. B); <u>see also</u> Levitt Decl. ¶ 5.

14. The September 23, 2004 demand letter (the "Demand") states, in part:

> Re: Payment Demand
> Principal: Petrocelli Electric Co., Inc.
> Bond No. KF 5673
> Amount: $916,958.00
>
> In accordance with the provisions of the above bond, Petrocelli Electric Co., Inc. (the "Principal") <u>having failed to provide successive security to replace this bond</u>, Illinois National Insurance Company (the "Obligee") demands payment in the amount of Nine

4

Hundred Sixteen Thousand Nine Hundred Fifty Eight Dollars ($916,958.00).

Levitt Decl., Ex. B (emphasis added).

15.  Despite the Demand, no payment was received from USF&G. Levitt Decl. ¶ 6.

16.  To date, the Demand remains unanswered, and no payment on the Bond has ever been received by Illinois National. Levitt Decl. ¶ 7.

17.  The Obligations from Petrocelli to Illinois National have not been fully and finally paid. Levitt Decl. ¶ 8.

18.  A calculation of prejudgment interest at 9% per annum on $916,958.00, with such calculation commencing on October 1, 2004 (five business days after the September 23, 2004 Demand) and ending on April 7, 2008, results in a prejudgment interest amount of $290.311.42. See Declaration of Yoav M. Griver ("Griver Decl.") ¶ 5; see also Prejudgment Interest Calculation (Griver Decl., Ex. C).

Dated:  New York, New York
        April 7, 2008

ZEICHNER ELLMAN & KRAUSE LLP

By: _____
    Michael S. Davis
    Yoav M. Griver
    Attorneys for plaintiff Illinois National
      Insurance Company
    575 Lexington Avenue
    New York, New York 10022
    (212) 223-0400

5